UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

LIONEL ELIZAH WILLIAMS,

    Petitioner,

V.

FRANCISCO QUINTANA, Warden,

    Respondent.

Civil Action No. 5: 17-cv-283-KKC

MEMORANDUM OPINION
AND ORDER

\*\*\* \*\*\* \*\*\* \*\*\*

Inmate Lionel Elizah Williams[1] has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenge the validity and administration of his federal sentence in several respects. [R. 1] This matter is before the Court to conduct the screening required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

On August 20, 1990, Williams was arrested by police in Virginia Beach, Virginia for his role in a string of armed bank robberies. In October 1990, a federal grand jury issued an indictment charging Williams with conspiracy to commit bank robbery in violation of 18 U.S.C. § 371, armed bank robbery in violation of 18 U.S.C. § 2113(d), and use of a firearm during the commission of a crime of violence in violation of 18 U.S.C. § 924(c)(1). While the federal charges remained pending, on August 14, 1991 the state of Virginia sentenced Williams

---

[1] Williams uses the name "Lionell Elijah Ephraim" as an alias, and he has filed several actions in federal court under that moniker. Cf. *Ephraim v. Cauley*, No. 1: 12-CV-2339 (S.D. W.Va. 2011); *Ephraim v. Federal Bureau of Prisons*, No. 1:12-CV-1863-UNA (D.D.C. 2012). To ensure consistency across federal court records, the Clerk of the Court will be directed to add "Lionell Elijah Ephraim" to the docket as an alias designation for the petitioner.

to 26 years imprisonment on multiple counts of bank robbery and weapons possession. When those charges were aggregated with several prior state sentences, Williams faced a total state sentence of 38 years, with 12 years suspended. [R. 1-1 at 9; R. 1-2 at 2]

Williams pleaded guilty to the federal charges, and faced a sentence of 380 months imprisonment under the United States Sentencing Guidelines. On December 12, 1991, the federal trial judge found the Guidelines sentence "onerous," departed significantly below the guidelines range, and sentenced Williams to a cumulative term of 216 months imprisonment. This term consisted of 60 months on the conspiracy count, 96 months for the bank robbery, and 60 months for the § 924(c) conviction, each sentence to be served consecutively to the others. The federal judge gave no indication, either verbally during the sentencing hearing or in the written judgment, whether the federal sentence was to be served consecutively to or concurrently with the pre-existing state sentence. [R. 1-5 at 13] Williams did not appeal from that judgment. *United States v. Williams*, No. 2: 90-CR-149-RGD-2 (E.D. Va. 1990).

Williams was then returned to the custody of the Virginia Department of Corrections ("VDOC") to serve his state sentence. The State of Virginia granted Williams parole after he had served 16 years of his sentence, and on August 28, 2006 he was transferred into federal custody. By operation of law, a federal sentence runs consecutively to a state sentence in effect at the time of federal sentencing unless the federal sentence expressly directs otherwise. 18 U.S.C. § 3584(a). Accordingly, the Bureau of Prisons commenced Williams' federal sentence in August 2006 pursuant to 18 U.S.C. § 3585(a).

Starting in 2004, Williams began to file requests and grievances with the BOP seeking to have his federal and state sentences run concurrently with one another commencing from the date his federal sentence was imposed; the BOP denied each of these requests. [R. 1-6] Williams has since filed numerous habeas corpus petitions seeking such relief by challenging the legality of having his federal sentences run consecutively to his state sentence. See *Ephraim v. Cauley*, No. 1: 11-107, 2013 WL 8183435, at *2-3 (S.D. W. Va. Jan. 24, 2013) (rejecting Williams's claim that running his federal sentence consecutively violated U.S.S.G. § 5G1.3(c) and 18 U.S.C. § 3584(b) as not cognizable in a § 2241 petition, noting that "[a]lthough Petitioner claims to be challenging the 'execution' of his sentence, Petitioner is clearly challenging the validity of his sentence imposed by the Eastern District of Virginia."), *report and recommendation adopted*, 2014 WL 1338525 (S.D. W. Va. Mar. 31, 2014) ("... it is clear that [Williams] is trying to somehow make the sentencing court's failure to order concurrent sentences and the BOP's failure to grant a concurrent designation an issue with execution of [his sentence].").

Williams filed a second § 2241 petition asserting the same grounds for relief in 2012, which was again denied because those claims must have been brought on direct appeal or in an initial motion under 28 U.S.C. § 2255. *Ephraim v. Hogsten*, No. 1: 12-CV-2339, 2014 WL 1350978 (S.D. W. Va. April 4, 2014), *aff'd*, No. 14-7028 (4th Cir. Sept. 26, 2014). Williams also sought to raise these claims in a second or successive motion under § 2255 which was denied. *Williams v. United States*, No. 2: 13-CV-05, 2014 WL 11515556 (E.D. Va. Sept. 16, 2014).

Williams filed a third § 2241 petition reasserting the same challenges, this time under the guise of challenging the BOP's decision to deny him a *nunc pro tunc* designation. He further contended that 18 U.S.C. § 3584(a) was unconstitutional. Those claims were denied as not cognizable in a § 2241 petition and as without merit. *Ephraim v. Hogsten*, No. 1: 12-CV-4701 (S.D. W. Va. 2012), *aff'd*, No. 15-7789 (4th Cir. Apr. 28, 2016). Having failed to obtain habeas relief, Williams then sued the United States under the Federal Tort Claims Act asserting claims for negligence and false imprisonment; those claims were dismissed in *Ephraim v. United States*, No. 3: 14-CV-73, 2015 WL 3755882 (N.D. W. Va. 2014).

In his § 2241 petition before this Court, Williams asserts that:

1. The BOP acted improperly by denying him 16 months of prior custody credits under 18 U.S.C. § 3585(b) when it relied upon VDOC's statement that this time had already been applied to his prior state sentence [R. 1-1 at 6-8];

2. The trial court intended to give him credit for the time he spent in state pretrial custody through a downward departure under U.S.S.G. § 5G1.3(c) and the BOP violated his Due Process rights when it refused to do so [R. 1-1 at 8-12];

3. The legislative presumption of consecutive sentencing embodied in 18 U.S.C. § 3584(a) is unconstitutional [R. 1-1 at 12-18]; and

4. The trial court's sentence violated U.S.S.G. § 5G1.3(c) and 18 U.S.C. § 3584(b) by running his 60-month sentence consecutively to rather than concurrently with his 96-month sentence [R. 1-1 at 19-27].

Williams contends that he may pursue his claims in a habeas corpus petition under § 2241 because the sentence imposed exceeded the maximum allowable by law. [R. 1-1 at 27-31]

4

With respect to Williams's first claim, he alleges that although he was in custody in the Virginia Beach City Jail from August 29, 1990 to December 12, 1991 awaiting trial on the state robbery charges, VDOC did not credit this 16 months of pretrial custody against the 26-year state sentence imposed. The basis for that claim lies in VDOC status sheets printed in 1992, 1993, 2000, and 2003 which state on one part of the form that 156 "jail credit days" were given. [R. 1-4] Williams submitted those sheets to the BOP's Designation and Sentence Computation Center ("DSCC") in October 2015, contending that those days were actually from a period he spent in pretrial custody in 1976. [R. 1-2] However, the DSCC contacted VDOC directly, and VDOC responded that Williams had been given prior custody credits for the time he spent in custody from August 28, 1990 to December 3, 1991. [R. 1-3 at 2] The BOP accordingly denied relief over Williams's objection that the VDOC response was not "official" or "verified." [R. 1-6 at 1-8]

Calculation of a federal prisoner's sentence, including both its commencement date and any credits for custody before the sentence is imposed, is determined by federal statute:

> (a) A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> (1) as a result of the offense for which the sentence was imposed; or

5

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. § 3585. The BOP implements § 3585 through Program Statement 5880.28. The Program Statement required DSCC staff to review the documents provided by Williams; however, they were insufficient without verification by DSCC. *Id.* at pp. 1-25 to 1-26. Here, DSCC contacted VDOC either in writing or by telephone, and the written response (or notes of that telephone conversation) in 2011 established that VDOC had credited the period in question against his 26-year sentence. Because time spent in pretrial custody may not be "double counted" against both a state and federal sentence under 18 U.S.C. § 3585(b), *United States v. Wilson*, 503 U.S. 329, 333-35 (1992), the BOP acted properly in reliance upon the VDOC's statements to conclude that further credit was unwarranted.

Williams next claims that when the federal trial judge stated during the sentencing hearing that "I hope that the sum of time which will be...you will be given credit ...," he intended to reduce Williams's sentence by 16 months to account for time served on related state sentences. Williams points to U.S.S.G. § 5G1.3(c) and Application Note 4 to support his argument. [R. 1-1 at 9-11]

However, Williams confuses the distinct situations where § 5G1.3(b) and § 5G1.3(c) apply, as well as the sentencing response available under each provision as they existed under the November 1991 Sentencing Guidelines. The former provision applies where, as here, the

undischarged state prison term resulted from the same series of bank robberies that gave rise to the federal prosecution. There, § 5G1.3(b) permits the federal trial judge to adjust – likely reduce - the federal sentence to achieve the same result that would have obtained had all of the sentences been imposed simultaneously. Conversely, § 5G1.3(c) applies by its terms only where § 5G1.3(b) does not (*i.e.*, where the federal and state offenses are unrelated), and calls for consecutive sentencing.

Here, the trial court had already departed well below the 380-month sentence indicated by the Guidelines, instead imposing a 216-month sentence. There is no indication in the record that it intended to invoke either § 5G1.3(b) or § 5G1.3(c) to further reduce Williams's sentence. Had he done so, the judge would have so stated during the hearing and the written judgment would have been reflected that reduction. Cf. *United States v. Dorsey*, 166 F. 3d 558, 560 (3d Cir. 1999) (noting that the application notes to the Guidelines advise a district court that "if it decides that a 13–month federal sentence is appropriate, it should shorten that sentence to seven months and, in this way, give credit on the federal sentence for the six months already served on the state sentence."). Nothing in the judge's single-sentence statement expressing his belief that Williams would receive prior custody credit, or any other statement made during the sentencing hearing, suggest that the written judgment does not fully and accurately reflect the sentence orally pronounced during the hearing. The BOP

therefore did not err in reading the federal judgment to mean anything other than that expressed on the face of the document itself.[2]

Williams's third ground for relief contends that the BOP is not lawfully executing his federal sentence because it treats that sentence as consecutive to his state sentence based upon 18 U.S.C. § 3584(a), a statute he contends is facially unconstitutional under the Due Process Clause of the Fifth Amendment because it does not require a sentencing judge to expressly state whether consecutive or concurrent sentencing is imposed. [R. 1-1 at 12-18]

As a threshold matter, Williams's effort to re-frame the issue as a challenge to the BOP's "execution" of his sentence – rather than a constitutional challenge to the sentence itself – is unavailing: the BOP is merely administering the federal judgment based upon the terms set forth on the face of the Judgment and Commitment Order and the clear congressional mandate set forth in § 3584(a). *Setser v. United States*, 566 U.S. 231, 239, (2012) ("When § 3584(a) specifically addresses decisions about concurrent and consecutive sentences, and makes no mention of the Bureau's role in the process, the implication is that no such role exists.").

---

[2] Williams also offhandedly suggests that the federal trial judge's statements during the sentencing hearing expressed his intent to impose concurrent sentences. [R. 1-1 at 11] This position represents a marked departure from the position he has taken in the past. In a habeas corpus petition he filed in 2009, Williams argued just the opposite – that the trial judge clearly intended to impose consecutive sentences. See *Williams v. Stephens*, No. 5: 09-HC-2131-D (E.D.N.C. 2009) [R. 1 therein at 11-14]. In a 2012 petition, Williams acknowledged that the trial judge did not impose a concurrent sentence because of the information before him, and Williams expressly disavowed any argument that the trial judge's statements indicated any intent to impose concurrent sentences. *Ephraim v. Hogsten*, No. 1: 12-CV-4701 (S.D. W. Va. 2012) [R. 18 therein at 6]. See also *Ephraim v. Hogsten*, No. 1: 12-CV-4701 (S.D. W. Va. 2012) ("The undersigned finds no indication that the Federal sentencing judge intended to run [Williams's] Federal sentence concurrently with his State sentence."). The Court does not address this assertion because Williams does not clearly assert it as a ground for relief, but notes that the sentencing transcript undermines rather than supports any such claim.

The true nature of Williams's argument is made plain in his brief when he states that "the district court failed to apply §5G1.2(c)'s mandate of concurrency ... which resulted in a 60-month illegal increase in petitioner's sentence." [R. 1-1 at 16] See *Ephraim v. Cauley*, No. 1: 11-107, 2014 WL 1338525 (S.D. W. Va. Mar. 31, 2014) ("... it is clear that [Williams] is trying to somehow make the sentencing court's failure to order concurrent sentences and the BOP's failure to grant a concurrent designation an issue with execution of [his sentence]."). But Williams's challenge to the constitutionality of his federal sentence is one that he could, and therefore must, have asserted on direct appeal or in a motion under 28 U.S.C. § 2255. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). Resort to a § 2241 petition to assert such a claim is therefore impermissible because that remedy does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001). Williams's constitutional challenge is therefore not proper in this § 2241 proceeding. Even if this were not so, the claim is flatly without merit. *United States v. Kakinami*, CR. No. 05-373 DAE, 2007 WL 1430328, at *3 (D. Haw. May 11, 2007) ("There is nothing unconstitutional about [§ 3584(a)'s] presumption that would allow relief under 28 U.S.C. § 2255.") (citing *Taylor v. Sawyer*, 284 F.3d 1143, 1148 (9th Cir. 2002)).

Williams's fourth claim also challenges the validity of his federal sentence, contending that the 216-month sentence exceeds the statutory maximum for his offenses. His argument appears to be that although he faced a 300-month term of imprisonment for armed bank robbery under 18 U.S.C. § 2113(d), the "maximum" that he faced was only 96 months because

that is the sentence that the trial court actually imposed. Because the trial judge added two consecutive 60-month terms to that sentence, Williams contends that the aggregate 216-month sentence exceeded the 96-month "maximum." Williams also argues that his 26-year state sentence should have been considered under U.S.S.G. § 5G1.2, and that when the state and federal sentences are aggregated, they exceed the 300-month maximum. [R. 1-1 at 19-27]

These arguments are flawed, both substantively and procedurally, but the Court does not reach the merits of them. As with his prior claim, if Williams took exception to the sentence imposed, it was incumbent upon him to promptly raise the issue on direct appeal or in an initial motion under 28 U.S.C. § 2255. A challenge to a sentence may only be entertained in a habeas corpus petition under § 2241 where the petitioner can point to a new, retroactively-applicable and previously unavailable decision by the Supreme Court which establishes that, as a matter of statutory interpretation, his sentence is improper. *Hill v. Masters*, 836 F. 3d 591, 599-600 (6th Cir. 2016). Williams points to no retroactively-applicable Supreme Court decision in support of his claim, relying instead only upon the Sentencing Guidelines and § 3584 as they were in effect at the time of his sentencing. Because his claims are not of the nature permitted under *Hill*, they may not be pursued in a § 2241 petition.

Accordingly, it is **ORDERED** as follows:

1. The Clerk of the Court shall **ADD** "Lionell Elijah Ephraim" to the docket as an alias designation for the petitioner.

2. Williams's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

3. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

4. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

Entered: August 14, 2018.

*Karen K. Caldwell*

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY